CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 16 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOYCE G. SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18cv00049 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JULIE AYERS NORMAN, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the Court on Defendant Julie Ayers Norman's Motion for Summary Judgment [ECF No. 8]. The law and issues were fully briefed by the parties, and I heard oral arguments on the motion on May 2. Following that hearing, I informed the parties that the Motion would be denied. (Order, May 3, 2019 [ECF No. 19].) This Memorandum Opinion serves to supplement that ruling.

## I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

When ruling on a Motion for Summary Judgment, the facts are taken in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007). Accordingly, the facts are recounted in the light most favorable to Plaintiff Joyce Sloan ("Plaintiff").

At approximately 5:30 p.m. on June 9, 2017, Plaintiff was driving down Highway 220 Business near Ridgeway, Virginia. Traffic was heavy, and she states she was in the left lane after passing a tractor trailer. While driving, Plaintiff was struck by something on the right rear quarter panel of her car, which caused the rear of her car to be forced to the left. As a result, her car veered to the right, onto the gravel shoulder on the side of the road. Although she does not recall what happened next, the evidence shows that, in attempting to regain control of her automobile, she returned to the road and struck the passenger side of Defendant Julie Norman's ("Defendant") car

as she traveled in the left lane of traffic. Both cars flipped, Plaintiff lost consciousness, and both cars came to rest in the median. (See generally Dep. of Joyce Sloan, Feb. 26, 2019 [ECF No. 9-1].)

Plaintiff filed suit against Defendant in the Circuit Court for Henry County on or about June 27, 2018. [ECF No. 1-1.] The case was removed to this Court on August 7, 2018 [ECF No. 1.] Defendant filed her Motion for Summary Judgment on April 1 [ECF No. 8], Plaintiff responded [ECF No. 13], and Defendant replied [ECF No. 16]. I heard oral argument on the motion on May 2, and entered an Order denying the motion on May 3 [ECF No. 19].

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson, 477 U.S. at 249−50, 254. Not every factual dispute will defeat a summary judgment motion; there must be a *genuine* dispute over a *material* fact. Anderson, 477 U.S. at 247–48. A fact is material where it might affect the outcome of the case in light of the controlling law. Id. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage,

however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. <u>Anderson</u>, 477 U.S. at 249.

### III.   <u>DISCUSSION</u>

There is little that can be done, at this stage, to square the wildly different facts presented by the parties. Plaintiff contends she was in front of Defendant on the highway; Defendant claims she was in front of Plaintiff. Plaintiff contends Defendant struck her car; Defendant claims Plaintiff struck hers. It is the jury's role to sort out those conundrums. At this stage, the only question is whether a jury is needed to decide which factual scenario is correct. I conclude that this case will require a jury's steady hand.

Taking the facts in the light most favorable to Plaintiff, she contends she was driving down the highway when she was struck by something: she is not sure what hit her car. Nevertheless, evidence before the Court suggests that no other car was near her, save for Defendants. She was struck by something strong enough to alter her course of travel. She contends she was struck in the right rear of her car, which caused her car to veer from the left lane, across the right lane of travel, and onto the shoulder. While attempting to correct her course, she veered back into the lanes of travel and struck Defendant's car.[1]

Witness Carol Wotring's most recent declaration supports, to some degree, Plaintiff's proffered version of events. Ms. Wotring stated, under oath, that Plaintiff's white Jeep Cherokee was in front of Defendant's Saturn Outlook. (Decl. of Carol Wotring ¶ 4, April 30, 2019 [ECF No. 17-1].) This statement is directly at odds with Defendant's testimony, which placed *Defendant* in front of *Plaintiff* on the road prior to the accident. (<u>See</u> Dep. of Julie Norman 8:10–19, Feb. 26, 2019 [ECF No. 9-2].)

---

[1] Plaintiff has no recollection of the events after her car went into the gravel. Her next recollection is when she regained consciousness after the accident. (<u>See</u> Sloan Dep. 28:11–20.)

The only issue to be resolved at this stage, then, is whether there is sufficient evidence to submit to a jury the question of whether it was Defendant who struck Plaintiff's automobile and caused the accident. Plaintiff admits that she did not see who or what hit her, but she does testify that Defendant's vehicle was not in front of her. (Sloan Dep. 25:1–2.) Plaintiff's evidence, taken as true at this stage, would establish that Defendant must have been beside or behind her; Ms. Wotring's testimony confirms this. Because Plaintiff eventually struck Defendant's car when she returned to the roadway, clearly Defendant was close to Plaintiff at the time Plaintiff was hit. That evidence, taken as true, creates a question of fact as to whether Defendant was the "who or what" that struck Plaintiff, and therefore summary judgment is not warranted. See Preston v. Morton, No. 4:09cv00030, 2010 WL 2036112, at *2 (W.D. Va. May 24, 2010) ("Whether the named defendants actually committed the acts complained of is the *sine qua non* of virtually *all* civil actions. Simply because Defendants disagree with Plaintiff's evidence does not give me the right to take the issue of fact away from the trier of fact.").

## IV.    CONCLUSION

Because there is evidence from which a jury could conclude that Defendant struck Plaintiff's car, and because the evidence on that point is in conflict, summary judgment is not appropriate. This case will proceed to trial.

The clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record.

**ENTERED** this 16th day of May, 2019.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE